UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. JOHNSON,

Plaintiff,

v.

JEFFREY BLESSMAN, ET AL.,

Defendants.

_____/

Case No. 20-cv-10147

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
(ECF NO. 51), ADOPTING AND ACCEPTING REPORT AND
RECOMMENDATION (ECF NO. 48), DENYING PLAINTIFF'S MOTION
FOR IMMEDIATE CONSIDERATION (ECF NO. 20), GRANTING
CORIZON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF
NO. 26), GRANTING BLESSMAN'S MOTION FOR SUMMARY
JUDGMENT (ECF NO. 31) AND DENYING GULICK AND SHERRY'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 40)**

## I.   INTRODUCTION

On January 22, 2020, *pro se* Plaintiff Ronald C. Johnson initiated this civil

rights action against several defendants.  ECF No. 1.  Plaintiff, an inmate in the

custody of the Michigan Department of Corrections ("MDOC"), alleges the

following people or entities violated his Eight Amendment rights by denying him

1

medical treatment while he has been incarcerated at the Macomb Correctional Facility: Heidi Washington, Willis Chapman, Jeffrey Blessman (collectively "MDOC Defendants"); Corizon Health Services, Carmen McIntyre, Ricky Coleman, Julianne Martino, Stacy Sylvie, Patricia Schmidt, Keith Pappendick (collectively "Corizon Defendants"); Lia Gulick, Marti Kay Sherry, and the Pain Management Committee ("PMC"). *Id*.[1]

Presently before the Court are Plaintiff's Motion for Immediate Consideration (ECF No. 20), the Corizon Defendants' Motion for Summary Judgment (ECF No. 26), Blessman's Motion for Summary Judgment (ECF No. 31) and Gulick, Sherry's Motion for Summary Judgment (ECF No. 40). All four motions are fully briefed.

The Court referred the Motions to Magistrate Judge Patricia T. Morris. ECF No. 24. The Magistrate Judge issued a Report and Recommendation suggesting that the Court grant the Corizon Defendants' Motion for Summary Judgment (ECF No. 26), grant Defendant Blessman's Motion for Summary Judgment (ECF No. 31), deny Defendants Gulick and Sherry's Motion for Summary Judgment (ECF No. 40), and deny Plaintiff's Motion for Immediate Consideration (ECF No. 20). ECF No.

---

[1] On February 3, 2020, the Court issued an order dismissing Plaintiff's claims against Heidi Washington, Willis Chapman, Carmen McIntyre, and Keith Pappendick for failure to state a claim upon which relief could be granted. ECF No. 6.

2

48.  Plaintiff filed an objection to the Report and Recommendation (ECF No. 51), and the Corizon Defendants timely responded (ECF No. 52).  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Therefore, the Court will resolve the instant Motions on the briefs.  *See* E.D. Mich. LR § 7.1(f)(2).  For the following reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 51) and **ADOPTS** and **ACCEPTS** the Report and Recommendation (ECF No. 48).  Accordingly, the Court will **DENY** Plaintiff's Motion for Immediate Consideration (ECF No. 20), **GRANT** the Corizon Defendants' Motion for Summary Judgment (ECF No. 26), **GRANT** Defendant Blessman's Motion for Summary Judgment (ECF No. 31), and **DENY** Defendants Gulick and Sherry's Motion for Summary Judgment (ECF No. 40).

## II.  BACKGROUND

### A. Factual & Procedural Background

The Magistrate Judge laid out the relevant background in her Report and Recommendation:

> Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MCF"). (ECF No. 1, PageID.2.)  In January 2018, Plaintiff developed a serious bone infection from an open wound on his ankle, requiring him to be hospitalized for two months.  (*Id.* at PageID.5.)  Because Plaintiff was allergic to common pain relievers, such as acetaminophen, Plaintiff's caregivers provided him with Ultram, a synthetic opioid, to treat his pain while he was hospitalized.

3

(*Id.* at PageID.6); Kaci Durbin, *Tramadol*, Drugs.com (last updated Sept. 7, 2021), https://www.drugs.com/tramadol.html. Plaintiff was released from the hospital in April 2018, but "after a couple months" his "wound stopped healing." (ECF No. 1, PageID.5–6.) Plaintiff's open ankle wound caused him "excruciating pain" which he managed by continuing to take Ultram. (*Id.*) However, the MDOC discontinued Plaintiff's Ultram prescription on July 29, 2019 without replacing Plaintiff's Ultram with a different pain medication. Plaintiff alleges that since discontinuing his Ultram prescription, the Pain Management Committee ("PMC") has denied all his requests for pain medication. (ECF No. 1, PageID.6.)

Plaintiff first requested that the MDOC reinstate his Ultram prescription on September 11, 2019. (ECF No. 26-1, PageID.201.) Although Plaintiff alleges that the PMC denied this request, the MDOC asserts that this decision was instead made by the "AMCO designee," referring to the assistant chief medical officer. (*Id.*; ECF No. 1, PageID.6.) On November 21, Plaintiff's physician, Defendant Martino, sent a request to the PMC on Plaintiff's behalf, asking that Plaintiff be provided with pain medication. (ECF No. 26-1, PageID.201-02.) The PMC declined to allow Plaintiff to take pain medication, but instead recommended that he take more vitamin D. (*Id.* at PageID.201); *see* Maria Helde-Frankling & Linda Bjorkhem-Bergman, *Vitamin D in Pain Management*, Int. J. Mol. Sci., Oct. 18, 2017, at 1, 1 ("[V]itamin D may constitute a safe, simple[,] and potentially beneficial way to reduce pain among patients with vitamin D deficiency . . . ."). Defendant Blessman states that on March 4, 2020, the PMC approved a request from Plaintiff's healthcare provider to allow Plaintiff to take Neurotonin, a pain medication, to treat [h]is "neuropathy pain" and ankle wound; however, Plaintiff denies that he has received any pain medication since he was taken off Ultram. (ECF No. 20, PageID.115; ECF No. 22, PageID.156.)

Plaintiff also suffers from osteoarthritis and a torn meniscus in the same knee, and "an arthritic condition" in his shoulders. (ECF No. 1, PageID.6–7.) These conditions cause Plaintiff to experience "unbelievable pain and discomfort"; however, Plaintiff alleges that the MDOC has failed to provide him with the appropriate treatment for these conditions. (*Id.*)

4

Specifically, Plaintiff alleges that although his physical therapist recommended that he consult "an orthopedic surgeon" for his knee conditions, the MDOC failed to schedule any appointment. (*Id.* at PageID.7.) Similarly, Plaintiff alleges that the MDOC denied his medical provider's request for "an MRI of his knee," and, although Plaintiff's medical providers recommended that he receive surgery for his shoulder condition, the MDOC has not scheduled any appointment with an orthopedic specialist. (*Id.*)

After Plaintiff was taken off Ultram, he filed a formal grievance with the MDOC on October 22, 2019. (ECF No. 26-1, PageID.202.) The MDOC provides a three-step internal process for prisoners to raise formal complaints. (ECF No. 26-2, at PageID.207–10.) At step one, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. (*Id.* at PageID.207.) If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a step two grievance using the appropriate form. (*Id.* at PageID.209.) Similarly, if the inmate is dissatisfied with the step two response or does not receive a response for ten days after the response was due, he or she has ten days to file a step three grievance. (*Id.* at PageID.210.)

Plaintiff's step one grievance requested that the MDOC provide him with pain medication for his ankle wound. (ECF No. 26-1, PageID.202.) The grievance stated that although his wound became reinfected, causing Plaintiff significant pain, the PMC discontinued his Ultram prescription without providing any replacement. (*Id.*) Moreover, the grievance alleged that the PMC declined numerous requests from Plaintiff's physician, Defendant Martino, to provide Plaintiff with pain medication. (*Id.*) The grievance did not mention Plaintiff's knee or shoulder conditions, and Plaintiff has filed no other grievances with the MDOC. (*See id.* at PageID.198, 202.)

The MDOC responded to Plaintiff's step one grievance on December 9, 2019, and, dissatisfied with the MDOC's response, Plaintiff filed a step two appeal the same day. (*Id.* at PageID.200, 203.) However, before Plaintiff received a response to his step two grievance, he contemporaneously

5

filed a complaint and a motion for preliminary injunctive relief in this Court.6
(ECF Nos. 1, 4.)  Unlike Plaintiff's grievance, the motion and the complaint
both requested relief for Plaintiff's knee and shoulder conditions.  (ECF No.
1, PageID.6–7, 9; ECF No. 4, PageID.54–55.)

The MDOC denied Plaintiff's step two grievance on January 29,
2020, one week after Plaintiff filed his complaint and motion for injunctive
relief. (ECF No. 26-1, PageID.200.)     Plaintiff then filed a step three
grievance which was denied on March 4, 2020.  (*Id.* at PageID.199–200.)

This Court referred the parties to a mediation program on August 10,
2020 and denied Plaintiff's motion without prejudice, informing him that he
could refile his motion if the parties failed to reach an agreement through
mediation.  (ECF No. 9, PageID.84; ECF No. 13, PageID.94; ECF No. 15,
PageID.105.)  The parties did not reach an agreement, and Plaintiff again
filed a motion for injunctive relief.  (ECF No. 17, PageID.109; ECF No. 20.)
Subsequently, each defendant, except for the PMC,2 moved for summary
judgment, arguing that Plaintiff failed to exhaust his administrative remedies
before filing his complaint.  (ECF Nos. 26, 31, 40.)

ECF No. 48, PageID.355-59 (footnotes omitted).

In her Report and Recommendation, the Magistrate Judge proposes that the

Court dismiss Plaintiff's claims against the Corizon Defendants and Defendant

Blessman without prejudice because Plaintiff failed to properly exhaust his

administrative remedies before filing his Complaint.  *Id.* at PageID.363.  Magistrate

Judge Morris finds Defendants Gulick, Sherry, and the PMC waived this argument

---

2 The Statement of Facts in the Brief in Support of Defendants Gulick and Sherry's
Motion for Summary Judgment states that the Motion is made on behalf of Gulick,
Sherry, and the PMC.  ECF No. 40, PageID.298.  However, the Motion itself does
not mention the PMC, *id.* at PageID.297, and the supporting Brief explicitly states
Plaintiff exhausted his claims against the PMC, *id.* at PageID.307.

6

by failing to raise it in their Motion for Summary Judgment. *Id.* at PageID.362. Additionally, the Magistrate Judge concludes that, if the Court determines Plaintiff has properly exhausted, his claims against Defendant Martino for failing to provide him with knee surgery or treatment for his shoulder, knee, or ankle as well as his claim against Defendant Sylvie for denying him an MRI of his knee should be dismissed because they are new issues that were not raised in his grievance.[3] *Id.* at PageID.365.

After analyzing several potential sources of jurisdiction, Magistrate Judge Morris suggests the Court find it does not have the authority to grant Plaintiff's Motion for Immediate Consideration against, and thus enjoin, the Defendants for whom she recommends granting summary judgment. *Id.* at PageID.368-75. Finally, the Magistrate Judge suggests Plaintiff is not entitled to preliminary injunctive relief against Gulick, Sherry, and the PMC. She concludes "[t]he requested injunction could not significantly impact the public interest and [] would pose little risk of causing harm to others," *id.* at PageID.376, and "Plaintiff has demonstrated an irreparable harm," *id.* at PageID.377. However, Magistrate Judge Morris determines Plaintiff is unlikely to succeed on the merits because (1) he does not allege the remaining Defendants—Gulick, Sherry, and the PMC—were involved in the MDOC's failure to treat his shoulder and knee, *id.*, and (2) Plaintiff

---

[3] In contrast, Magistrate Judge Morris found Plaintiff's remaining claims are addressed by his grievance. ECF No. 48, PageID.365-58.

7

has not provided evidence that the PMC's decision to take him off Ultram in the course of treating his ankle wound was so inadequate as to "shock the conscience" and "disregarded[] an excessive risk to his health or safety" *id.* at PageID.381 (cleaned up).

### B. Plaintiff's Objections

Plaintiff raises three objections to the Report and Recommendation.  ECF No. 51.  First, Plaintiff objects to the Magistrate Judge's finding that the PMC was not involved in the MDOC's failure to treat his shoulder and knee and the description of the PMC as "a body responsible for evaluating requests, from prisoner's healthcare providers, for pain management treatment by weighing prisoners' medical needs against prison safety concerns."  *Id.* at PageID.397 (quoting ECF No. 48, PageID.356).  Plaintiff asserts that the PMC's ability to "interrupt a prisoner's course of treatment prescribed by that prisoner's medical provider" demonstrates that "they are in fact practicing medicine (with or without a license) and[] without ever examining the prisoner-patient." *Id.*

Second, Plaintiff argues that summary judgement should not be granted as to Defendants Coleman and Blessman because he properly grieved his claims against them.  *Id.* at PageID.399.  Plaintiff avers that both Defendants served on the PMC. *Id.* at PageID.398.  Because Plaintiff's grievance indicated that the PMC denied his health care provider's requests to provide him with Ultram, he contends that he

8

adequately identified Defendants Coleman and Blessman for the purposes of exhaustion. *Id.* at PageID.399-400.

Third, Plaintiff objects to the Magistrate Judge's denial of his request for preliminary injunctive relief. He starts by disputing the determination that, if the claims against the Corizon Defendants and Defendant Blessman are dismissed, the Court lacks the authority to enjoin those Defendants while Plaintiff files a new complaint. *Id.* at PageID.400. Plaintiff asserts the Court may issue the injunction pursuant to the All Writs Act as the Prison Litigation Reform Act ("PLRA") "contains nothing expressly foreclosing courts from exercising their traditional equitable power to issue injunctions to prevent irreparable injury pending exhaustion." *Id.* at PageID.401(quoting ECF No. 48, PageID.374).

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff was not deprived of an objectively serious medical need and that Defendants did not disregard an excessive risk to Plaintiff's health and safety. *Id.* at PageID.403. Plaintiff contends that Defendants are aware he was scheduled for a total knee replacement surgery on November 7, 2011—a surgery he was ultimately unable to undergo due to being arrested and incarcerated—but they continue to deny his health care provider's requests for orthopedic consultations, CT scans, and MRIs. *Id.* at PageID.402-03. Instead, they have recommended stretching and a physical therapy

9

consult.  *Id.* at PageID.403.  However, the physical therapy report said he should be referred to a specialist.  *Id.*  Thus, Plaintiff avers he "has satisfied both prongs needed to show an Eighth Amendment violation."  *Id.* at PageID.404.

Only the Corizon Defendants responded to Plaintiff's objections.  *See* ECF No. 52.  They argue Plaintiff's objections are moot because he does not object to the Magistrate Judge's recommendation to grant summary judgment in favor of the Corizon Defendants based on Plaintiff's failure to exhaust his administrative remedies prior to initiating the instant lawsuit.  *Id.* at PageID.414.  In the alternative, the Corizon Defendants assert first that Plaintiff has not produced evidence to support his "outlandish allegations" against the PMC, and his allegations on their own are insufficient to withstand summary judgment.  *Id.* at PageID.415.  Instead, they contend the PMC "is an administrative committee that reviews diagnostic medical records from the treating physician . . . and upon review of the medical records determines whether to prescribe certain formulary or non-formulary medications. *Id.*

Next, the Corizon Defendants aver Plaintiff's second objection "fail[s] to address the fact that the grievance filed against Dr. Coleman was not properly exhausted prior to the filing of his Complaint."  *Id.* at PageID.416.  Finally, the Corizon Defendants argue "[a] record indicating that a joint replacement was

10

scheduled in 2012 and an incomplete record of an outside consultation request [are] not sufficient evidence to show that each of the Corizon Defendants were deliberately indifferent to Plaintiff's medical needs." *Id.* at PageID.417.  Moreover, they assert Plaintiff has "failed to 'place verifying medical evidence in the record to establish the detrimental effect of the 'inadequate medical treatment.'" *Id.* (quoting *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

### III.   LAW & ANALYSIS

#### A. Legal Standard

Title 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 govern the standard of review a Court should employ when examining a report and recommendation from a magistrate judge.   The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*   A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Thus, the Court is not required to review, under a *de novo* standard or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  *See id.* at 149-50.

11

## B. Discussion

### 1. Objection One

The Sixth Circuit Court of Appeals has noted that "[t]wo traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cty.*, Ohio, 977 F.3d 483, 490 (6th Cir. 2020) (emphases in original). The first prong must be established because "a defendant's liability at common law would 'only result from his own neglect,' not from an associate's neglect." *Id.* (citing *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018) (quoting *Dunlop v. Munroe*, 11 U.S. 242, 269, (1812))). Thus, when bringing a § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The second prong must be established because "a defendant generally could be found liable at common law only if the plaintiff proved that an injury was caused by the defendant's tortious conduct, not by something or someone else." *Id*. Accordingly, "[i]n this § 1983 context, [] the Supreme Court has long required proof of a causal connection between the defendant's unconstitutional action and the plaintiff's injury." *Id.*; *see also Rudd v. City of Norton Shores, Michigan*, 977 F.3d

12

503, 512 (6th Cir. 2020) (holding a § 1983 plaintiff "cannot generically hold one defendant liable for another's actions.  Rather, he must allege that each defendant, through that defendant's own actions, 'subject[ed]' him (or 'cause[d]' him to be subjected) to the constitutional deprivation.") (citing *Jane Doe v. Jackson Local Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 934 (6th Cir. 2020)) (alterations in original).

As stated *supra*, Plaintiff disputes the Magistrate Judge's description of the PMC and statement that the PMC does not participate in prisoners' medical treatment.  ECF No. 51, PageID.396-97.

The Court agrees that it does appear that the PMC participates in prisoners' medical treatment.  Nevertheless, the Court notes that despite the Magistrate Judge's characterization of the PMC, her analysis *does not* assume the PMC is precluded from Eighth Amendment liability because it is never involved in prisoners' medical treatment.   Instead, Magistrate Judge Morris reviewed Plaintiff's particular allegations for each injury/claim and determined the PMC was only involved in the decision to wean Plaintiff off Ultram.  ECF No. 48, PageID.378 (finding "the PMC was personally involved in the decision to take Plaintiff off Ultram, [but] Plaintiff is unlikely to succeed on the merits of this claim").  Thus, altering the description of the PMC would not change the recommended analysis, and Plaintiff's first objection

13

raises a distinction without a difference.  Accordingly, the Court will overrule the objection.

### 2.  Objection Two

The PLRA "makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).  Thus, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Id*. *See also Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003) ("A prisoner is required to exhaust all available administrative remedies before filing a federal lawsuit challenging prison conditions, regardless of the type of relief sought."); *Poor v. Grayson*, 46 F. App'x 825, 826 (6th Cir. 2002) ("Exhaustion may not be completed after a federal complaint has been filed."); *cf. Mattox v. Edelman*, 851 F.3d 583, 594 (6th Cir. 2017) (distinguishing situation where plaintiff had not properly exhausted any claims before filing complaint, and complaint was properly dismissed, from situation where plaintiff attempted to include newly exhausted claims in a properly filed complaint, which could be amended).

Plaintiff premises his second objection on his allegation that Defendants Coleman and Blessman were on the PMC, which was mentioned in his grievance. ECF No. 51, PageID.398-99.  Because of this, he argues he has properly exhausted as to those Defendants.  *Id.* at PageID.399-400.

14

Plaintiff misunderstands the basis of the Magistrate Judge's finding that he did not properly exhaust his administrative remedies.  Pursuant to the PLRA, Plaintiff was required to completely exhaust before filing his Complaint.  However, he filed his Complaint on January 22, 2020, ECF No. 1, but did not finish the MDOC's internal grievance procedure until March 4, 2020, ECF No. 26-1, PageID.199.  Plaintiff's exhaustion deficiency is an issue of timing, not an issue with the content of the grievance.  Indeed, the Magistrate Judge explicitly found Plaintiff had adequately raised his claims against Coleman and Blessman in his grievance.  ECF No. 48, PageID.365 ("Plaintiff's complaint also alleges that Blessman and Coleman denied his request for renewal of . . . Ultram.  Although both defendants argue otherwise, this is the same issue raised in Plaintiff's grievance.") (alteration in original) (citation and quotation marks omitted).  Nevertheless, Plaintiff cannot "exhaust administrative remedies during the pendency of the federal suit." *Freeman*, 196 F.3d at 645.  Accordingly, summary judgment on the basis of exhaustion is properly granted in favor of Defendants Coleman and Blessman, and the Court will overrule Plaintiff's second objection.

### 3. Objection Three

As the Magistrate Judge noted, "The Sixth Circuit has not addressed whether a prisoner may request a preliminary injunction or a TRO before exhausting his or

15

her administrative remedies, and federal courts are divided on this issue."  ECF No.
48, PageID.368.  Thus, after analyzing, the PLRA, 28 U.S.C. § 1331, and the All
Writs Act, the Magistrate Judge recommended the Court hold that it lacks
jurisdiction to enjoin the former Defendants.  *Id.* at PageID.375.  Nevertheless,
Plaintiff contends the Court can exercise its authority in this manner pursuant to the
All Writs Act.  ECF No. 51, PageID.400-01.

Without taking a position on whether a court may, in general, properly enjoin
prison officials while a plaintiff exhausts his administrative remedies, this Court
concludes the cases on which Plaintiff relies do not support doing so in this situation.
In determining that the All Writs Act provides federal courts with jurisdiction to
issue such an injunction, the Court of Appeals for the District of Columbia explicitly
noted that the purpose of an injunction pending exhaustion is "to preserve the *status
quo* while administrative proceedings are in progress and prevent impairment of the
effective exercise of appellate jurisdiction."  *Jackson v. D.C.*, 254 F.3d 262, 268
(D.C. Cir. 2001) (quoting *FTC v. Dean Foods Co.,* 384 U.S. 597, 604 (1966))
(emphasis in original).  Similarly, in *Simmons v. Stokes*, the United States District
Court for the District of South Carolina noted that "[t]raditionally, preliminary
injunctions are sought to 'protect the status quo and to prevent irreparable harm
during the pendency of a lawsuit ultimately to preserve the court's ability to render

16

a meaningful judgment on the merits.'"   No. 2:09-CV-2406-DCN, 2010 WL

2165358, at *3 (D.S.C. May 26, 2010) (quoting *In re Microsoft Corp. Antitrust*

*Litig.*, 333 F.3d 517, 525 (4th Cir.2003).  The *Simmons* court ultimately determined

the plaintiff—who brought claims for, *inter alia*, denial of medication—could not

satisfy the requirements for an injunction under the All Writs Act because he could

not demonstrate a "clear" likelihood of success on the merits.  *Id.* at *5.

Here, as the Magistrate Judge discussed, Plaintiff is not seeking a preliminary

injunction to preserve the status quo until the dismissed Defendants are properly

before the Court.  ECF No. 48, PageID.373-74.  Instead, he seeks to reinstate his

pain medication and require treatment for his shoulder and knee conditions.  *See*

ECF No. 20, PageID.116.  Such an injunction does not preserve the status quo or

this Court's ability to reach a decision on the merits when the dismissed Defendants

are properly before the Court.  Indeed, the requested injunction would do the

opposite.  Accordingly, the Court agrees it does not have the authority to enjoin the

dismissed Defendants while Plaintiff exhausts his administrative remedies.

As part of his third objection, Plaintiff also argues the Defendants deprived

him of an objectively serious medical need and, in so doing, disregarded an excessive

risk to his health and safety.  *Id.* at PageID.402.  Plaintiff asserts that he is claiming

he has been denied medical care, specifically with respect to his knee, as opposed to

17

disputing the adequacy of his treatment as the Magistrate Judge determined. *See id.* at PageID.402-04. He contends the Defendants are aware that, prior to his incarceration, his then orthopedic surgeon scheduled him for surgery on his left knee in November 2011 and that he was not able to undergo this surgery due to his imprisonment. *Id.* at PageID.402. Additionally, Plaintiff's present medical provider has made three requests to send Plaintiff to orthopedic consultation or get an MRI or CT scan of his knee. *Id.* at PageID.402-03.

An official violates the Eighth Amendment where he or she acts with "deliberate indifference to an inmate's serious medical needs." *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021). For an inmate to show that prison officials violated the Eighth Amendment by denying medical care, the inmate must show (1) that he or she was deprived of an objectively serious medical need, and (2) that the defendant knew "of and disregard[ed] an excessive risk to [his or her] health or safety." *Farmer*, 511 U.S. at 834, 837; *Rhinehart v. Scutt*, 894 F.3d 721, 737–38, (6th Cir. 2018). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). An inmate satisfies this prong if he or she receives no treatment for a serious medical need. *Rhinehart*, 894 F.3d at 737.

18

The subjective prong requires the plaintiff to demonstrate "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cty.*, *Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 568 (6th Cir. 2020)). "This showing requires proof that each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart*, 894 F.3d at 738 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Notably, Defendants Gulick and Sherry, for whom summary judgment has been denied, did not respond to Plaintiff's objections. Plaintiff specifically alleges these Defendants denied him medical treatment for his knee by refusing to authorize payment for an MRI of his knee (Defendant Gulick) and denying payment for a consultation with an orthopedic surgeon (Defendant Sherry). ECF No. 1, PageID.3. This was done despite requests from his MDOC-assigned medical provider. ECF No. 1, PageID.7; ECF No. 51, PageID.402-03.

Plaintiff has demonstrated a "serious medical need" that "has been diagnosed by a physician as mandating treatment." *Harrison*, 539 F.3d at 518. His allegations regarding Defendants Gulick and Sherry, however, do not rise to the level of criminal recklessness at this time. With the record presently before the Court, it is not clear

19

what role Defendants Gulick and Sherry played in these denials, and thus whether they can be held liable for Plaintiff's alleged constitutional violations. Plaintiff has not provided any evidence that Gulick or Sherry "perceived facts from which to infer substantial risk" to him, let alone that they drew the inference and then disregarded it. *Rhinehart*, 894 F.3d at 738.

Additionally, Plaintiff states his medical provider's requests for orthopedic consultation, an MRI, and a CT scan were denied by the PMC. ECF No. 51, PageID.403-04. Thus, as Deputy Director of the Budget and Operations Administration and Administrator of the Bureau of Health Care Services, it is entirely possible that Gulick and Sherry denied the requests for funding based on the PMC's denial of treatment. If that is the case, neither Gulick nor Sherry can be deemed "*personally* at fault" or to have "*caused* the injury." *Pineda*, 977 F.3d at 490 (emphasis in original).

As the Magistrate Judge discussed, both Gulick and Sherry summarily deny they are members of the PMC, but there is insufficient evidence in the record for the Court to make a determination one way or another. *See* ECF No. 48, PageID.367. While that ambiguity was enough for Plaintiff to survive summary judgment with respect to these Defendants, he cannot rely on it to obtain injunctive relief where he bears the burden of proof. Accordingly, Plaintiff's third objection must be denied.

20

## IV.   CONCLUSION

For the reasons articulated *supra*, **IT IS HEREBY ORDERED** that Plaintiff's Response and Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motions for Summary Judgment and Plaintiff's Motion for Immediate Consideration (ECF No. 51) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Morris's January 26, 2022 Report and Recommendation (ECF No. 48) as this Court's findings of fact and conclusions of law, subject to the qualifications contained in this Opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Immediate Consideration (ECF No. 20) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Corizon Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Blessman's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Gulick and Sherry's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 40) is **DENIED**.

21

Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** as to all Defendants but Gulick, Sherry, and the PMC.  Plaintiff is welcome to file an amended complaint joining the dismissed Defendants after he properly completes the MDOC internal grievance process.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 31, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

22