UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. JOHNSON,

    *Plaintiff*,

v.

LIA GULICK,
MARI KAY SHERRY,
and PAIN MANAGEMENT
COMMITEE,[1]

    *Defendants*.
_____/

CASE NO. 2:20-cv-10147

HON. GERSHWIN A. DRAIN
DISTRICT JUDGE
HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND (ECF No. 72) AND FOR RECONSIDERATION OF ORDER DENYING MOTION TO AMEND (ECF No. 74)

Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MCF"). (ECF No. 1, PageID.2). On January 22, 2020, he filed suit in this court under 42 U.S.C. § 1983 alleging Eighth Amendment violations by various medical staff members and other MDOC employees. (*Id*.)

On March 31, 2022, the District Court adopted my recommendation to dismiss Defendants Jeffrey Blessman, Ricky Coleman, and Stacy Sylvie on the basis that Plaintiff had failed to exhaust his administrative remedies before filing suit. (ECF

---

[1] The undersigned recognizes that the Pain Management Committee is misspelled in the docket as the "Pain Management Commitee."

1

Nos. 48, 53). On October 19, 2022, Plaintiff filed a motion to amend the original Complaint to reinstate the now-exhausted claims against Blessman, Coleman, and Sylvie. (ECF No. 62). Plaintiff attached Step I and Step III grievances to show that he had named these former Defendants at Step I and had completed MDOC's grievance requirements. (*Id.*)

On November 2, 2022, the undersigned ordered Plaintiff to submit a proposed amended complaint, noting that his motion to amend the complaint did not include a copy of the proposed amendment. (ECF No. 63). On November 30, 2022, Plaintiff submitted a "motion for amended complaint" that included the statement "Please find enclosed, per your instructions, Plaintiff's proposed amended pleading." (*Id.* at PageID.531). However, the submission did not include a proposed amended complaint, i.e. a "pleading" or anything else resembling a complaint. As in his earlier motion to amend, Plaintiff states only that the claims against Blessman, Coleman, and Sylvie should be reinstated because he has now exhausted his administrative remedies. (*Id.* at PageID.529-30).

On December 8, 2022, I again ordered Plaintiff to submit a proposed amended complaint, stating as follows:

> I understand that Plaintiff does not have an attorney, and therefore his amended complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haynes v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, even in *pro se* pleadings "courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The basic pleading requirements, as set forth

2

> in Fed.R.Civ.P. 8(a), require "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."
>
> Therefore, Plaintiff's amended complaint must at a minimum indicate (1) the names of the Defendants he is suing; (2) a *factual* statement what each Defendant did that violated his Eighth Amendment rights or any other constitutional rights; and (3) what relief he is seeking, for example, money damages. It is not enough for Plaintiff to merely cobble together previous filings or to state that he is "adding" or reinstated previously dismissed Defendants to a previous complaint. The amended complaint supersedes all previous complaints, *see B&H Medical, LLC v. ABP Admin., Inc*. 526 F.3d 257, 268, n.8 (6th Cir. 2008), and the amended complaint must stand alone, without referring to the former complaint. Plaintiff needs to just start over, and tell us who he is suing and why he is suing them.[2]

(ECF No. 67, PageID.534-35).  Finally, Plaintiff was cautioned that the December 8, 2022 order was "his final chance to file a proper amended complaint and if he failed to do so, "no subsequent motions to amend [would] be granted. (*Id*. at PageID.535).  Plaintiff was given 30 days to submit a proposed amended complaint. (*Id*.)

Plaintiff responded to my December 8, 2022 order by filing another motion to amend the Complaint, received by the Court on January 11, 2023.  (ECF No. 72). The submission includes a "brief" in support of the motion to amend detailing Blessman, Coleman, and Sylvie's various failures to order imaging studies, surgical

---

[2]The Court also cautioned Plaintiff that "[i]n drafting a new complaint, [he] must *not* include former Defendants who have already been dismissed *with* prejudice. Those portions of the new complaint will be stricken." (ECF No. 67, PageID.535) (emphasis in original).

3

intervention, or pain medication for his ankle and shoulder conditions. (ECF No. 72, PageID.568-69). However, neither the motion nor accompanying brief can be construed as an amended complaint. For one thing, it does not name any of the current Defendants. To accept the brief as the operative complaint would indicate that Plaintiff is abandoning his claims against the individuals not named in the brief.

While Plaintiff proceeds *pro se*, a review of the original Complaint demonstrates that he is capable of composing a cogent complaint, including an introductory paragraph; jurisdiction and venue; the names and titles of the defendants and the allegations against them; factual allegations; and a prayer for relief. (ECF No. 1, PageID.1-10). Although was Plaintiff was informed that he "needs to just start over, and tell us who he is suing and why he is suing them," he has not as yet provided the Court with a proposed amended complaint for review.[3]

In Plaintiff's February 9, 2023 motion for reconsideration of my previous order denying his motion to amend (ECF Nos. 62, 71) he indicates that he believes that his motion was denied on the basis that the motion, due January 8, 2023 but received by the Court January 11, was untimely. (ECF No. 74). He states that he presented the submission for mailing on January 3, 2023. (*Id.* at PageID.611). He

---

[3] The Court notes however, that the brief in his latest motion to amend ends with a prayer for relief. (ECF No. 72, PageID.573).

appends his previous submissions and the Court's orders.  He asks the Court to reconsider his denial of his motion to amend.  (*Id.* at PageID.613-633).

First, that motion was not denied based on untimeliness, but rather because he did not include a proposed amended complaint. (ECF No. 71).  Second, in the request for reconsideration, he once again fails to include a proposed amended complaint for the Court's review.  His motion for reconsideration will therefore be denied.  (ECF No. 74).

Plaintiff is proceeding *pro se*.  The Court is mindful of his report that he suffered a stroke several months ago and now experiences mobility issues.  (*Id.* at PageID.625).   The Court has no reason to question his report that his physical limitations and MCF's frequent "lockdowns" hamper his ability to access the law library.  (*Id.*)   Plaintiff's currently inchoate Eighth Amendment claims against the three proposed defendants appear to be non-frivolous.  And as a matter of policy, there is a "strong preference" for courts to make decisions on the merits of their cases. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).  "Yet, while we give *pro se* litigants a certain amount of leeway in prosecuting their cases . . . they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders." *Simmons v. City of Detroit*, No. 18-13813, 2021 WL 299872, at *2 (E.D. Mich. Jan. 7, 2021) (Whalen, M.J.), *report and recommendation adopted,* No.

5

18-13813, 2021 WL 289539 (E.D. Mich. Jan. 28, 2021) (Goldsmith, J.).  Plaintiff's failure to provide a proposed amended complaint requires the Court deny both his motion to amend and his motion for reconsideration of the Court's previous order.

For these reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (ECF No. 72) and Reconsideration of Order Denying Motion to Amend (ECF No. 74) are **DENIED.**

Date:  February 15, 2023                                   s/PATRICIA T. MORRIS
                                                           Patricia T. Morris
                                                           United States Magistrate Judge