UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JOHNSON,

    *Plaintiff*,

v.

LIA GULICK, MARI KAY SHERRY,
and PAIN MANAGEMENT
COMMITEE, [1]

    *Defendants*.
_____/

Case No. 2:20-cv-10147

District Judge
Gershwin A. Drain

Magistrate Judge
Patricia T. Morris

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#68], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#60], DENYING PLAINTIFF'S MOTION FOR DENIAL OF SUMMARY JUDGMENT [#64], AND OVERRULING PLAINTIFF'S OBJECTIONS [#69]**

**I.    INTRODUCTION**

This matter is before the Court on a Motion for Summary Judgment (ECF No. 60) filed by Defendants Lia Gulick, Mari Kay Sherry, and Pain Management Committee ("Defendants") on October 14, 2022. In response, Plaintiff Ronald Johnson ("Plaintiff") filed a Motion for Denial of Summary Judgment (ECF No. 64)

---

[1] The undersigned recognizes that Pain Management Committee is misspelled on the docket as "Pain Management Commitee."

on November 11, 2022.[2] The Court referred this matter to United States Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on December 8, 2022. ECF No. 68. Judge Morris recommends that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Denial of Summary Judgment. *Id*. at PageID.537.

The Court now considers Plaintiff's January 5, 2023, Objections to the Magistrate Judge's Report and Recommendation. ECF No. 69. Defendants filed a Response to Plaintiff's Objections on January 20, 2023. ECF No 70. The Court finds that Magistrate Judge Morris reached the correct conclusion.

The Court will therefore OVERRULE Plaintiff's Objections [#69], ACCEPT AND ADOPT Judge Morris's Report and Recommendation [#68], DENY Plaintiff's Motion for Denial of Summary Judgment [#64], and GRANT Defendants' Motion for Summary Judgment [#60].

## II. BACKGROUND

The Report and Recommendation sets forth the facts and procedural posture of this case, and neither party substantively objects to the recitation of the facts.[3] The

---

[2] The Court construes Plaintiff's "Motion" as a brief in response to Defendants' Motion.

[3] As discussed below in Section IV-A, Plaintiff objects to Judge Morris's description of Neurontin as a pain medication. Plaintiff's objection does not impact the facts as recited here.

2

Court incorporates them by reference and will only recite the facts pertinent to the Court's review.

**A.     Plaintiff's Complaint**

Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility. ECF No. 1, PageID.2. On January 22, 2020, he filed a Complaint asserting, pursuant to 42 U.S.C. § 1983, that Defendants "have been deliberately indifferent to his medical needs" in violation of his rights under the Eighth Amendment. ECF No. 1, PageID.8. Specifically, Plaintiff alleges that in late January 2018, he developed a serious bone infection from a three-year-old wound on his left ankle, which required him to be hospitalized for two months. *Id*. at PageID.5. The wound caused Plaintiff "excruciating" pain, but his health constraints meant that he could not be prescribed certain common painkillers, and he is allergic to others like acetaminophen. *Id*. at PageID.5-6. Plaintiff's doctors thus prescribed the synthetic opioid Ultram for pain management during and after Plaintiff's hospitalization. *Id*. at PageID.6. Plaintiff "did very well" while taking Ultram, but the MDOC discontinued his prescription on July 29, 2019[4] without substituting another painkiller.[5] Because the PMC has

---

[4] Plaintiff's complaint states that the MDOC ended his Ultram prescription on August 5, but the MDOC's response to his step two grievance states that Plaintiff was taken off Ultram on July 29. (ECF No. 1, PageID.6; ECF No. 26-1, PageID.201).
[5] As Judge Morris notes in her Report and Recommendation (ECF No. 68, PageID.538, n.5), it is not clear based on the record who at the MDOC ended

3

denied all of Plaintiff's subsequent requests to renew his Ultram prescription, he has been managing his ankle injury without pain medication since August 5, 2019. *Id.*

Plaintiff first requested that the PMC reinstate his Ultram prescription on September 11, 2019. ECF No. 26-1, PageID.201. The ACMO designee denied this request. *Id.* On November 21, 2019, Plaintiff's physician submitted a consult request to the PMC "seeking recommendation re: grievant's pain management" with respect to Plaintiff's ankle injury and knee pain. *Id.*; ECF No. 22, PageID.155-156. The PMC did not recommend pain medication but suggested "optimizing grievant's vitamin D levels" and considering surgical intervention. *Id.* According to former Defendant Blessman, the PMC approved a request from Plaintiff's physician in March 2020 to allow him to take the pain medication Neurontin to treat his "neuropathy pain and poor healing chronic wound." ECF No. 22, PageID.156. Plaintiff, nonetheless, maintains that he has not received any pain medication since his Ultram subscription ended. ECF No. 22, PageID.115.

---

Plaintiff's Ultram prescription. Plaintiff alleges in his Complaint that the PMC discontinued his prescription. ECF No. 1, PageID.6. The MDOC's step two grievance response suggests that the Assistant Chief Medical Officer's ("ACMO") off-site designee made the call. ECF No. 26-1, PageID.201. But former Defendant Blessman (the current ACMO) indicated both that the PMC did *and* did not take part in the decision. *See* ECF No. 22, PageID.148 ("The PMC discontinued Ultram due to the potential adverse effects of long-term use."); *Id.* at PageID.155 ("The PMC was not involved with the decision to deny Mr. Johnson's request for Ultram renewal.").

Plaintiff also alleges that he suffers from osteoarthritis and a torn meniscus in the same knee, and from "an arthritic condition" in his shoulders. ECF No. 1, PageID.6-7. Plaintiff's knee condition is "very painful and debilitating" and requires him to use a cane to walk. *Id*. at PageID.7. His shoulder pain is due to bone spurs present at least in his right shoulder, which were found during a February 2018 examination. *Id*. These conditions combined have caused him "unbelievable pain and discomfort." *Id*.

Plaintiff asserts that despite recommendations by his physicians for "an orthopedic consult" for his knee and surgery for his shoulders, the MDOC has failed to schedule any treatment and has even denied his physician's request for an MRI of his knee. *Id*. Plaintiff filed a formal grievance with the MDOC on October 22, 2019, asserting much of what he asserts in his Complaint. ECF No. 26-1, PageID.202. The grievance did not mention Plaintiff's knee or shoulder conditions. *Id*.[6]

Based on these facts, Plaintiff asserts that Defendants have been deliberately indifferent to his serious medical needs in violation of his Eight Amendment rights and are liable under 42 U.S.C. § 1983.

---

[6] This was the only grievance Plaintiff had submitted to the MDOC at the time his Complaint was filed. *See* ECF No. 26-1*,* PageID.198, 202.

**B.    Defendants' Motion for Summary Judgment**

Defendants filed a Motion for Summary Judgment on October 14, 2022. ECF No. 60. In their Motion, Defendants argue that both 42 U.S.C. § 1983 and Eleventh Amendment sovereign immunity shield Defendants from Plaintiff's claims. *Id*. First, Defendants argue that, to the extent Plaintiff brings this suit against Defendants Gulick and Sherry in their individual capacities, Plaintiff cannot produce evidence that either Defendant was sufficiently involved in his medical care to warrant liability under § 1983. *Id*., at PageID.470-475. Defendants further argue that, to the extent Plaintiff sues Gulick and Sherry in their official capacities, he propounds claims against the State of Michigan itself, which Defendants assert is entitled to sovereign immunity from civil rights suits against its citizens. *Id*., at PageID.476-477. Lastly, Defendants argue that because Defendant PMC is merely a subdivision of MDOC, a state agency, PMC is also immune from Plaintiff's suit under the Eleventh Amendment. *Id*. at PageID.477-479.

After the parties fully briefed Defendants' Motion, Magistrate Judge Morris issued a Report and Recommendation on December 8, 2022. ECF No. 68. Judge Morris recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Denial of Summary Judgment be denied. *Id*., at PageID.537. Plaintiff filed Objections to the Report and Recommendation on

January 5, 2023 (ECF No. 69), and Defendants filed a Response to Plaintiff's Objections on January 20, 2023. ECF No. 70.

### III. LEGAL STANDARD

The Court must review *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1998) (holding that the standard of review for a magistrate judges' report and recommendation is *de novo*, not clearly erroneous). A party's objections to a report and recommendation must be specific, and they must clearly state the grounds for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court have not been preserved for appellate review. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. DISCUSSION

Plaintiff raises two objections to the Report and Recommendation. For the reasons discussed below, the Court overrules Plaintiff's objections.[7]

---

[7] Plaintiff does not object to Judge Morris's conclusion that Defendant PMC and Defendants Gulick and Sherry (in their official capacities) are immune from suit under the Eleventh Amendment.

7

### A. Objection One

Plaintiff first objects that the Report and Recommendation improperly relies on former Defendant Blessman's statement that on March 4, 2020, the PMC approved a request to provide Plaintiff with the "pain medication" Neurontin to treat his neuropathy and ankle injury. ECF No. 69, PageID.551-552; ECF No. 68, PageID.539. According to Plaintiff, "Neurontin is not a pain medication per se. It instead is a nerve medication used to treat the painful nerve condition of neuropathy." ECF No. 69, PageID.551-552. To clarify, Plaintiff states that Neurontin "does absolutely nothing for Plaintiff's painful ankle wounds, his knee or his shoulder." ECF No. 69, PageID.552. Plaintiff thus objects that Dr. Blessman's statement is "misleading" because it suggests that "[Neurontin] is a medication that would treat all of Plaintiff's painful conditions" when it is not. *Id.*

Plaintiff's objection is inapposite; whether Neurontin is appropriately described as a pain medication or as a nerve pain medication does not bear on Judge Morris's conclusion. Plaintiff's objection does not address whether the Report and Recommendation correctly finds that Defendants Gulick and Sherry were not "personally involved in the events underlying Plaintiff's Eight Amendment claim." ECF No. 68, PageID.548. And the objection does not address whether the Report and Recommendation correctly finds that Defendants, as state officials, are immune to suit under the Eleventh Amendment. ECF No. 68, PageID.548-549. Thus,

Plaintiff's objection "do[es] not address the substance of the Magistrate Judge's Report and Recommendation and [is] irrelevant." *Zammit v. IRS*, No.14-14155, 2015 WL 8003234 (E.D. Mich. Dec. 7, 2015). The Court will overrule Plaintiff's first objection.

### B. Objection Two

Plaintiff's second objection is that Judge Morris relied on insufficient evidence to find that Defendants Gulick and Sherry were not personally involved in his medical care. The Court disagrees. In her Report and Recommendation, Judge Morris highlights that Defendants Gulick and Sherry are not doctors and do not work in the facility where Plaintiff is housed. *Id*. at PageID.548. Defendants Gulick and Sherry also submitted sworn statements that they were not involved in inmate medical care generally or in Plaintiff's medical care specifically. ECF No. 68, PageID.542-543. Judge Morris correctly notes that these facts align with Plaintiff's admission that he has never directly spoken with or otherwise communicated with either Defendant. *See* ECF No. 69, PageID.552; ECF No. 68, PageID.543-544. Most notably, Plaintiff stated at deposition that, to his knowledge, neither Defendant was involved in his medical care in any way. *Id*.

Plaintiff admits these facts but argues that "it is not necessary for Plaintiff to know personally either of these women" for Defendants Gulick and Sherry to be found liable. ECF No. 69, PageID.552. Rather, he contends that the record is still

9

unclear on these Defendants' involvement because they have only divulged their *current* job titles and have not clarified their roles during the relevant time period. *Id*. Plaintiff argues that neither the available facts nor the admissions he made during his deposition prove that Defendants were uninvolved in his treatment, meaning more discovery is warranted. *Id*., at PageID.553.

Plaintiff's objection is unpersuasive. There is substantial evidence showing that Defendants Gulick and Sherry simply had no hand in Plaintiff's medical care. And their lack of personal involvement is fatal to his § 1983 action. *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995) (affirming summary judgment where the defendant served only a supervisory role and had not "encouraged or condoned" the challenged activity). As Plaintiff acknowledges, both Defendants submitted affidavits attesting that their professional responsibilities do not include "personal, individual involvement with the medical care of MDOC prisoners." *Id*.; *see* ECF No. 68, PageID.542-543. To the extent these statements are ambiguous as to Defendants' job roles during the relevant period, Defendants clarify that they had "no personal involvement with nor [were] involved in the medical care of Plaintiff Johnson." ECF No. 68, PageID.542-543. Lastly, both Defendants confirm that they are not involved with, are not members of, and "had no personal involvement with any PMC decisions regarding Plaintiff's pain medication." *Id*.

10

As there is no contrary evidence on this question, the above is sufficient to support Judge Morris's conclusion, irrespective of Plaintiff's unfavorable deposition testimony. *Williams v. Balt. & O. R. Co.*, 303 F.2d 323, 324 (6th Cir. 1962) ("[W]here a motion for summary judgment is supported by an affidavit, which is uncontroverted, the trial court is warranted in sustaining the motion."). Accordingly, Plaintiff's second objection must also be overruled.

## V. CONCLUSION

For the foregoing reasons, the Court will ACCEPT and ADOPT Magistrate Judge Morris's Report and Recommendation [#68], as this Court's findings of fact and conclusions of law. Defendants are dismissed WITH PREJUDICE.

Defendants' Motion for Summary Judgment [#60] is GRANTED.

Plaintiff's Motion for Denial of Summary Judgment [#64] is DENIED.

Plaintiff's Objections [#69] are OVERRULED.

**IT IS SO ORDERED**.

Dated: August 29, 2023      /s/ Gershwin A. Drain
                                                           GERSHWIN A. DRAIN
                                                           U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 29, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager